UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

AZIZ MUKHTAROV #A249-111-808          CASE NO.  1:25-CV-02127 SEC P

VERSUS                                JUDGE JAMES D. CAIN, JR.

WARDEN LASALLE I C E PROCESSING       MAG. JUDGE KAYLA D. MCCLUSKY
CENTER

## MEMORANDUM ORDER

Before the court are a Motion to Expedite and Motion to Stay Removal [doc. 17] filed by petitioner Aziz Mukhtarov. Petitioner asks the court for an order prohibiting his removal during the pendency of his habeas proceedings, noting that he has filed a Form I-246 Application for Stay of Removal. In his petition filed under 28 U.S.C. § 2241, petitioner states that his appeal of his removal order is pending before the Board of Immigration Appeals. Doc. 16.

The court construes petitioner's request for a stay as a motion for a temporary restraining order. An applicant for a temporary restraining order ("TRO") or preliminary injunction must demonstrate each of the following: (1) a substantial likelihood that his cause will succeed on the merits, (2) a substantial threat of irreparable injury if the injunction is not granted, (3) that the threatened injury outweighs the threatened harm that the injunction might do to the opposing party, and (4) that granting the injunction will not disserve the public interest. *Misquitta v. Warden Pine Prairie ICE Processing Ctr.*, 353 F.Supp.3d 518, 521 (W.D. La. 2018) (citing *Piedmont Heights Civic Club, Inc. v. Moreland*,

637 F.2d 430 (5th Cir. 1981)). The decision of whether to grant or deny a TRO lies in the district court's discretion. *Moore v. Brown*, 868 F.3d 398, 402 (5th Cir. 2017). Courts should deny such motions more often than not. *Albright v. City of New Orleans*, 46 F.Supp.2d 523, 532 (E.D. La. 1999) (explaining that temporary restraining orders are "extraordinary relief and rarely issued."); *see also Suburban Propane, L.P. v. D & S GCTX LLC*, 2025 WL 2429087, at *2 (W.D. Tex. 2025) (holding that the extraordinary relief under Rule 65 must be "unequivocally show[n]."); *Anderson v. Jackson*, 556 F.3d 351, 355–56 (5th Cir. 2009) ("Only under 'extraordinary circumstances' will this court reverse the denial of a preliminary injunction.").

Petitioner has not shown sufficient likelihood of success on any of his claims to warrant preliminary relief. In his habeas petition he asserts that (1) ICE violated the Constitution and federal law by revoking his supervision without adequate process; (2) he has not received an adequate opportunity to challenge the necessity of his continued detention while his immigration case remains pending; (3) his removal will cause undue hardship to his family; (4) his health has deteriorated due to poor living conditions and medical care at the ICE facility where he is detained; and (5) detention has become excessive and disproportionate to any civil immigration proceeding. Doc. 16, att. 1.

On the first and second claims, petitioner only offers his compliance under supervision and the absence of any individualized determination that he was a flight risk or a danger to the community. But an order of supervision may be revoked to enforce a removal order. *Villanueva v. Tate*, 801 F.Supp.3d 689, 694 (S.D. Tex. 2025) (citing 8 C.F.R. §§ 241.4(*l*)(2)(iii), (iv)). The Fifth Circuit has held that mandatory detention of a noncitizen

pending removal is authorized under 8 U.S.C. § 1225(a), and that holding is binding on this court. *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026). Petitioner has admitted that he is subject to a removal order. He therefore cannot show entitlement to a bond hearing under the law of this circuit.

As for petitioner's hardship and health arguments, courts have considered the hardship to a detainee's family in balancing the harms on a motion for preliminary injunction. *See Maldonado Vazquez v. Feeley*, 805 F.Supp.3d 1112, 1149–50 (D. Nev. 2025) (citing *Hernandez v. Sessions*, 872 F.3d 976, 996 (9th Cir. 2017)). Petitioner's own health is also certainly a factor, if he can show a substantial threat of irreparable injury.[1] But neither these nor petitioner's claims regarding the conditions of his confinement present independent grounds for habeas relief. *See Schipke v. Van Buren*, 239 F. App'x 85, 85–86 (5th Cir. 2007) ("Allegations that challenge the fact or duration of confinement are properly brought in habeas petitions, while allegations that challenge rules, customs, and procedures affecting conditions of confinement are properly brought in civil rights actions."). Finally, to the extent petitioner is challenging the length of his detention, the Supreme Court has held that "an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. 678, 701 (2001). Given his pending appeal, the record does not establish that continued detention is presumptively unreasonable or that removal is unlikely.

---

[1] Petitioner offers only vague allegations regarding the adequacy of food and medical care at the facility where he is detained. Doc. 16, att. 1, p. 2.

Page 3 of 4

Accordingly, for the reasons stated above, **IT IS ORDERED** that the Motion to Expedite [doc. 17] be **GRANTED** and that the Motion to Stay Removal [*id.*] be **DENIED**. The matter is referred to the magistrate judge for consideration on an expedited briefing schedule, to be determined at the magistrate judge's discretion.

**THUS DONE AND SIGNED** in Chambers on the 3rd day of March, 2026.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**