UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

AZIZ MUKHTAROV #A249-111-808          CASE NO.  1:25-CV-02127 SEC P

VERSUS                                JUDGE JAMES D. CAIN, JR.

WARDEN LASALLE I C E PROCESSING       MAG. JUDGE KAYLA D. MCCLUSKY
CENTER


## MEMORANDUM ORDER

Before the court is a Motion for Stay of Removal, Motion for Immediate Release, Motion for Immediate Access to Counsel and Medical Evaluation, and Motion to Expedite [docs. 34, 39] filed by Aziz Mukhtarov, a pro se petitioner for writ of habeas corpus under 28 U.S.C. § 2241. The government opposes the motions. Doc. 38.

### I.
### BACKGROUND

Petitioner, a native of Uzbekistan, filed a petition for writ of habeas corpus in this court to challenge his detention by ICE. In July 2023 petitioner, his wife, and their two children crossed the southern border and applied for admission via a scheduled CBP appointment. Doc. 30, att. 1, pp. 3–4. They were paroled into the country that month and the petitioner was later issued an employment authorization. *Id.* at 6, 10. At that time he was also ordered to appear before an immigration judge on January 22, 2026. *Id.* at 13.

Petitioner was arrested by ICE in January 2025. Doc. 28, p. 2. On March 25, 2025, an immigration judge issued an order finding that he was removable to Uzbekistan. Doc. 28, att. 2, p. 3. In August 2025 he was denied asylum and withholding of removal under

the Convention Against Torture. *Id.* at 14. He filed a Notice of Appeal to the Board of Immigration Appeals ("BIA") on August 28, 2025. Doc. 28, att. 3. Petitioner, who was then detained at LaSalle Correctional Center, also filed the instant petition for writ of habeas corpus in December 2025. Doc. 1. He challenges his detention on multiple grounds, including that ICE had not given him adequate due process before revoking his parole. Docs. 1, 16.

On April 17, 2026, the magistrate judge issued a Report and Recommendation finding that petitioner had established a procedural due process violation. Doc. 33. This decision was based on the revocation of petitioner's parole "while his removal proceedings are pending" and the magistrate judge determined that the government had not demonstrated an "interest in continuing to detain Petitioner until he has a final order of removal." *Id.* at 5, 9–10. She therefore recommended that the petitioner be released.

On April 30, 2026, the BIA issued a decision dismissing petitioner's appeal. Doc. 36, att. 1. On that day, petitioner filed the instant emergency motions in this court. Doc. 34. He alleges that ICE officers at the IAH Secure Adult Detention Facility, where he is now detained, attempted to coerce him into signing documents relating to his removal, using physical force that resulted in injury to his fingers. *Id.* at 1–2. He also alleges that respondents are transferring him to other ICE facilities in order to facilitate his rapid removal and interfere with the court's jurisdiction. *Id.* Finally, he notes his intention to file a motion to reconsider with the BIA. *Id.* at 2. He asks that the court (1) stay any removal or transfer pending a final resolution of his habeas proceeding, (2) enjoin respondents from transferring him without at least 72 hours' written notice and prior court approval, (3)

confirm that this court retains full jurisdiction regardless of petitioner's physical location, (4) direct respondents to immediately disclose his current location and assigned deportation officer to the court and his family contact, (5) order any document signed or fingerprint taken under physical coercion on or after April 29, 2026, to be deemed legally void, and (6) expedite its review of the magistrate judge's report and recommendation. Doc. 39, pp. 2–3.

The government opposes the motion and has also filed timely objections to the magistrate judge's report and recommendations.[1] Docs. 36, 38. It argues that petitioner is now subject to a final order of removal and that petitioner shows no basis for staying the immigration court's decision. It also maintains that petitioner's excessive force allegations are not cognizable on habeas review, and that his allegations regarding lack of access to counsel are belied by the record and do not support the extraordinary remedies sought. Doc. 38.

## II.
### LAW & APPLICATION

The court construes petitioner's requests relating to a stay of removal or transfer as requests for preliminary injunctive relief. An applicant for a temporary restraining order ("TRO") or preliminary injunction must demonstrate each of the following: (1) a substantial likelihood that his cause will succeed on the merits, (2) a substantial threat of irreparable injury if the injunction is not granted, (3) that the threatened injury outweighs

---

[1] The court will review the Report and Recommendation after petitioner has responded to the government's objections or his deadline (May 15, 2026) for doing so has passed, whichever comes first.

the threatened harm that the injunction might do to the opposing party, and (4) that granting the injunction will not disserve the public interest. *Misquitta v. Warden Pine Prairie ICE Processing Ctr.*, 353 F.Supp.3d 518, 521 (W.D. La. 2018) (citing *Piedmont Heights Civic Club, Inc. v. Moreland*, 637 F.2d 430 (5th Cir. 1981)). The decision of whether to grant or deny a TRO lies in the district court's discretion. *Moore v. Brown*, 868 F.3d 398, 402 (5th Cir. 2017). Courts should deny such motions more often than not. *Albright v. City of New Orleans*, 46 F.Supp.2d 523, 532 (E.D. La. 1999) (explaining that temporary restraining orders are "extraordinary relief and rarely issued."); *see also Suburban Propane, L.P. v. D & S GCTX LLC*, 2025 WL 2429087, at *2 (W.D. Tex. 2025) (holding that the extraordinary relief under Rule 65 must be "unequivocally show[n]."); *Anderson v. Jackson*, 556 F.3d 351, 355–56 (5th Cir. 2009) ("Only under 'extraordinary circumstances' will this court reverse the denial of a preliminary injunction.").

Petitioner's requests relating to his removal fail at the first step because he has not shown a substantial likelihood of success on the merits. Relevant circumstances have changed since the magistrate judge's report and recommendation. Now that the BIA has dismissed his appeal, petitioner's removal order is final.[2] *See* 8 C.F.R. § 1241.1(a). As the Fifth Circuit recently reiterated, "[f]ederal courts lack jurisdiction over 'claims connected directly and immediately with a decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders.'" *Imran v. Harper*, 2026 WL

---

[2] As the government notes, petitioner's intention to seek reconsideration does not change the finality of his removal order absent further action by the immigration court. *See* EOIR Policy Manual § 4.7, https://www.justice.gov/eoir/policy-manual-eoir/part-III/bia/chapter-4-7 (accessed May 4, 2026) ("A motion to reconsider does not automatically stay an order [of] removal or deportation.")

93131, at *1 (5th Cir. Jan. 13, 2026) (quoting *Humphries v. Various Fed. USINS Emps.*, 164 F.3d 936, 943 (5th Cir. 1999)). The magistrate judge's Report and Recommendation was premised on the government's failure to demonstrate an interest in detaining petitioner **before** he was subject to a final order of removal. Now that he is subject to such an order, his detention is authorized by a separate statute. *See* 8 U.S.C. § 1231(a)(6). Accordingly, no injunctive relief is warranted with respect to petitioner's requests for stay of removal.

As for the request to prohibit or impede transfers, and beyond petitioner's inability to show a sufficient likelihood of success on the merits, petitioner has not shown that transfers have interfered with his ability to litigate this matter. Although he contends that transfers may interfere with his contact with counsel, he has managed to file multiple emergency motions shortly after the complained-of acts allegedly occurred. "[M]ere speculation or conclusory allegations are insufficient to entitle a movant to injunctive relief." *Lotter v. Lyons*, 2025 WL 2946630, at *1 (W.D. Tex. Aug. 22, 2025). Additionally, an order prohibiting transfers would interfere with the government's ability to execute the petitioner's removal. Accordingly, petitioner fails to show a basis for any injunctive relief inhibiting his transfer. To the extent he requests that this court order respondents to disclose his location, he also fails to establish a need.

Finally, petitioner's excessive force claims and related requests are challenges to the conditions of his confinement. A habeas petition is reserved for "challenges to the fact or duration of confinement . . . while challenges to the conditions of confinement are properly brought under civil rights actions." *Poree v. Collins*, 866 F.3d 235, 243 (5th Cir. 2017). "[U]nconstitutional claims of confinement—even conditions that create a risk of serious

physical injury, illness, or death—do not warrant release." *Ahmed v. Warden*, 2024 WL 5104545, at *1 (W.D. La. Sep. 25, 2024) (citing *Cureno Hernandez v. Mora*, 467 F.Supp.3d 454, 460 (N.D. Tex. 2020)). Petitioner's complaints as to his treatment by staff at the IAH Secure Adult Detention Facility in Livingston, Texas, must be brought through a civil rights suit in the federal district court where that detention facility is located. Accordingly, petitioner fails to provide an adequate basis for any of his requests.

### III.
#### CONCLUSION

For the reasons stated above, the court hereby **ORDERS** that the Motions [docs. 34, 39] filed by petitioner be **DENIED**.

**THUS DONE AND SIGNED** in Chambers on the 5th day of May, 2026.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**