UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

AZIZ MUKHTAROV #A249-111-808          CASE NO.  1:25-CV-02127 SEC P

VERSUS                                JUDGE JAMES D. CAIN, JR.

WARDEN LASALLE I C E PROCESSING       MAG. JUDGE KAYLA D. MCCLUSKY
CENTER

## MEMORANDUM RULING

Before the court is a Report and Recommendation [doc. 33] issued by the magistrate judge, recommending that petitioner's writ of habeas corpus be granted due to an alleged procedural due process violation in the revocation of his parole. The government has filed objections and petitioner has filed a timely response. Docs. 36, 42.

The court incorporates by reference the factual statement from its previous memorandum order denying petitioner's requests for emergency relief. *See* doc. 41. As the undersigned observed there, relevant circumstances have changed since the magistrate judge's ruling. It was premised on the government's failure to demonstrate an interest in detaining petitioner **before** he was subject to a final order of removal. Since that time, the BIA dismissed his appeal and his removal order is final. *See* 8 C.F.R. § 1241.1(a). Accordingly, his detention is now authorized by statute. *See* 8 U.S.C. § 1231(a). Petitioner now attempts to assert a challenge under *Zadvydas v. Davis*, 533 U.S. 678 (2001), which established a six-month threshold of presumptive reasonableness for detention after a removal order becomes final. *Id.* at 701. But the clock only began to run under *Zadvydas*

with the dismissal of his appeal on April 30, 2026. Indeed, "detention is mandatory" for the first 90 days following a final order of removal, known as the removal period, and petitioner is still within that period. *Johnson v. Guzman Chavez*, 594 U.S. 523, 528 (2021) (citing 8 U.S.C. § 1231(a)(2)). Accordingly, any such challenge is not ripe. The report and recommendation will therefore be denied and the petition for writ of habeas corpus will be dismissed without prejudice to petitioner's right to reassert a challenge under *Zadvydas* once he has been detained for a sufficient time.[1]

      **THUS DONE AND SIGNED** in Chambers on the 20th day of May, 2026.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**

---

[1] Petitioner, who is now being held in Texas, is reminded that any such petition must be filed in the district where he is then detained.